

# THE ATTORNEY GENERAL
## OF TEXAS

October 20, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Stephen F. Austin, C.P.A.
Hidalgo County Auditor
Hidalgo County Courthouse
Edinburg, Texas 78539

Opinion No. JM-967

Re: Competitive bidding requirements on items purchased with funds under article 53.08, now section 102.007, of the Texas Code of Criminal Procedure (RQ-1504)

Dear Mr. Austin:

You ask whether expenditures from the so-called "hot check fund" provided for by article 102.007 of the Code of Criminal Procedure are subject to the competitive bidding and competitive proposal requirements generally applicable to county purchases pursuant to sections 262.021 et seq. of the Local Government Code.

Article 102.007 provides for the collection by a county attorney, district attorney, or criminal district attorney of a fee in connection with the collection or processing by his office of a check or similar sight order if the check had been issued or passed in a manner constituting one of the offenses enumerated in that article. Subdivision (e) of article 102.007 provides with respect to the disposition of such fees as follows:

> Fees collected under this article shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole discretion of the attorney and may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney, district attorney, or criminal district attorney supplement his own salary from this fund. (Emphasis added.)

Attorney General Opinion MW-439 (1982), dealt with the same question and concluded that since the competitive bidding provisions (then articles 2368a and 1659a) require the commissioners court to administer the procedure and to reject bids or award contracts to the lowest responsible bidders, those provisions could not apply to purchases from the "hot check" fund which are made "at the sole discretion of the attorney."

You point to the statement in a later opinion, Attorney General Opinion JM-313 (1985), that the "attorney must administer the fund within the confines of laws applicable to the use of county funds," and suggest that that opinion may have implicitly overruled the conclusion of MW-439 with respect to the applicability of the competitive bidding and proposal requirements to purchases from the "hot check" fund.

We disagree. Attorney General Opinion JM-313 simply pointed out that although expenditures from the "hot check" fund were not subject to commissioners court approval, the fund was generally subject to statutes regulating the handling of county moneys, citing Attorney General Opinions MW-188 (1980) ("hot check" fund subject to county auditor's power to prescribe accounting and control procedures for making deposits and disbursements), and MW-584 (1982) ("hot check" fund subject to various reporting requirements applicable to county funds).

We find no conflict between JM-313 and MW-439. We adhere to the rationale of MW-439 that to subject "hot check" fund expenditures to the competitive bidding requirements would place ultimate control of these expenditures in the commissioners court which "could, for example, refuse to accept any or all bids in a particular instance and thus interfere with the exclusive right of the designated individuals to administer the fund and to determine when, for what purposes, and under what circumstances expenditures will be made from it." Attorney General Opinion MW-439 (1982), at 6. Such a result would be contrary to the express provision of section 102.007 of the Local Government Code that "[e]xpenditures from this fund shall be at the sole discretion of the attorney."

Though they have undergone subsequent amendment and codification we find nothing in the current provisions of state law regulating these matters which changes the conclusion we reached in MW-439.

We therefore reaffirm the conclusion of MW-439 that expenditures from the "hot check" fund are not subject to the competitive bidding requirements.

### S U M M A R Y

Attorney General Opinion JM-313 (1985) did not overrule Attorney General Opinion MW-439 (1982). Expenditures from the "hot check" fund created under ~~Local Government Code~~ Code of Criminal Procedure section 102.007 are not subject to the competitive bidding requirements generally applicable to county purchases.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General